## Cleaveland v. Henderson.

demurrer is then filed to the petition, alleging that it contains no cause of action, and an answer is also filed of general denial of the allegations therein contained. The demurrer was overruled and a verdict and judgment for the plaintiffs in the court below.

*Webb*, for plaintiff in error. The demurrer to the plaintiff's petition ought to have been sustained. It is shown on the [181] face of the petition that the defendant was not "*an inhabitant*" of the State when he was sued. It is not averred that he ever was an inhabitant or resident, and the note shows that the debt was not contracted in the State. The petition therefore presents no case which was within the jurisdiction of the court. (Acts of 1846, p. 363, sec. 1.) The agreement of counsel to accept service explains its object. It was only to avoid the expense of publication. It brings the party into court only as he would have been brought in by publication. It is no waiver of the objection, apparent upon the face of the petition, of a want of jurisdiction. The appearance by attorney, for the purpose of filing the demurrer, is no admission that the party was *rectus in curia*. The demurrer had to be disposed of before any question arising upon the general issue could be noticed. (Acts 1846, p. 371, secs. 32, 33.)

*J. B. Jones*, for defendants in error.

---

## CLEAVELAND V. HENDERSON.

Where the plaintiff recovers judgment for costs, but is unable to make them out of the defendant, he is liable to the officers of the court for so much only of the costs of the suit as was incurred in his behalf; and the liability of his surety for costs is the same.

Error from Austin.

*Munger*, for the plaintiff in error, cited acts of 1848, p. 309, sec. 21, and Id., p. 106, secs. 1, 2.

Blakely v. Duncan.

*J. B. Jones,* for defendant in error.

ƗIPSCOMB, J. The defendant in error was security for costs [**183**] in a suit brought by Johnson against Jackson. Johnson succeeded in the suit, and had judgment against Jackson, on which an execution was sued out and returned no property found. Execution was then sued out against Henderson for the costs. It was levied, but before a sale Henderson moved the court to quash the execution and levy. It was admitted in the statement of facts that Henderson had paid all the costs that had accrued at the instance and on the part of Johnson, but had not paid the defendant's costs. The court quashed the levy, and decided that Henderson was not liable for the costs of the defendant; from ʼhich Cleaveland, who is the clerk of the court, brought the case into this court by writ of error, and he assigns the ruling of the court as error.

The proceedings were under the first section of an act concerning proceedings in the District Court passed on the 16th March, 1848. It is in the following words: "That the plaintiff in any civil suit, at any time before final judgment, upon motion of the defendant or any officer of the court interested in the costs accruing in such suit, may be ruled to give security for the costs; and if such rule be entered, and he fail to comply therewith, on or before the first day of the next term of the court, the suit shall be dismissed."

The construction we give to this act is that it did not intend that the plaintiff should be bound to pay more costs than his own if he succeeded in the suit. It is doubtful if a strict construction would justify collecting more from him, under his security for costs, than should be adjudged against him. And if so, this rule requiring security for costs would not bind the security for any costs where the plaintiff was successful and no judgment for costs against him. But as it is believed that this statute was not intended to do more than charge the plaintiff for such costs as may have been incurred in his behalf, and that in the event of not being able to make the costs adjudged to him from the defendant, he would be liable for so much as a liberal construction of the act may embrace [**184**] of such costs. He was liable for such costs without the act; and the object of the law was that it should be secured.

In this case we believe that the security of the plaintiff having discharged all the costs that could be justly charged to him, the levy and execution were illegal, and that it was right and proper to quash the same.

Judgment affirmed.